**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

```
_____
                                   )
UNITED STATES SECURITIES           )
AND EXCHANGE COMMISSION,           )
                                   )
            Plaintiff,             )
                                   )
      v.                           )   Case No. 03-CV-01042-MJG
                                   )
AGORA, INC., PIRATE INVESTOR,      )
LLC and FRANK PORTER STANSBERRY    )
                                   )
            Defendants.            )
_____)
```

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION OF INTERVENOR
JAMES DALE DAVIDSON TO STRIKE**

**I.   Introduction**

Plaintiff commenced suit against two corporations and writer Stansberry over marketing for a special report relating to a company called USEC which is alleged to contain false statements. In paragraphs 40, 41 and 42 of the Complaint, plaintiff added gratuitous and false allegations that Mr. Davidson, writer of an unrelated newsletter, promoted two companies in which he was a director and substantial shareholder without disclosing his financial interest in the companies. The SEC then published the suit to a reporter who repeated the smear. As will be seen *infra*, the allegations in ¶s 40, 41 and 42 - - in addition to having nothing to do with the USEC-related charges on which the Complaint is based - - are so demonstrably false that the SEC lawyers must have known them to be untrue. Since the allegations are "immaterial, impertinent and scandalous," the court is requested to strike them under Rule 12(f), F. R. Civ. P,

particularly since assertions of personal and governmental immunities and privileges will deny Mr. Davidson any other redress.

## II.     The Facts

¶s 1-35 of the Complaint set forth what plaintiff alleges is a "Fraudulent Scheme" by the named defendants to defraud by allegedly falsely claiming they are offering inside information on a company called USEC leading up to an expected May 22, 2002 announcement which was projected to increase USEC's stock price but which failed to occur.  ¶s 36-39 of the Complaint then allege that Agora's advertising of other publications contained exaggerated claims.  Then, ¶s 40-42 alleges that Vantage Point Investment Advisory ("Vantage Point"), Mr. Davidson's newsletter, has promoted companies without disclosing his substantial personal interest, naming two specific companies, GeneMax Corp. and Endovasc Ltd.:

> 40.     In some instances, the individual writing the reports Agora provides to its subscribers has an undisclosed relationship to the company being promoted.
>
> 41.     For example, James Dale Davidson is the editor of Agora's Vantage Point Investment Advisory, a financial newsletter with a worldwide circulation. In December 2002 and January 2003, Agora distributed e-mails written by Davidson to its subscriber base.  These e-mails promote several unnamed issuers and offer to provide reports naming these issuers if the recipient of the e-mail paid $149 to subscribe to the Vantage Point newsletter.
>
> 42.     Among the issuers promoted in this manner have been GeneMax Corp. and Endovasc Ltd., Inc.  Davidson is an officer, director and, indirectly, a substantial shareholder of these two issuers.  Neither the soliciting e-mail

nor the subsequent company report discloses Davidson's relationship to the companies.

The allegations in ¶s 40-42 are false. The promotional materials for Vantage Point are Exhibit 1. Rather than hiding Mr. Davidson's involvement in the companies recommended, they aggressively market the fact that he has a substantial personal interest in some of the companies he recommends in the newsletter; "First, let me tell you this: My money is where my mouth is." Exhibit 1, p. 3.

Mr. Davidson recommended one of the 2 companies mentioned in Complaint ¶ 42, GeneMax, in Vantage Point's July, 2002 issue. Exhibit 2. He states:

> It is my pleasure to introduce to you another biotech company that I helped to found, GeneMax (GMXX). In addition to being a substantial founding shareholder, I am also, at least temporarily, the CFO of GeneMax.

Exhibit 2, Tab A.

Mr. Davidson recommended the other company mentioned in ¶ 42, Endovasc, in the October, 2002 issue of Vantage Point. Exhibit 3. He states:

> Be aware, as usual, that I have put my money where my mouth is. I have a significant personal holding of Endovasc stock, and I serve on a special committee of the Endovasc board.

Exhibit 3, Tab B.

There was a special report on GeneMax which was provided to subscribers responding to Exhibit 1. In it, Mr. Davidson states:

3

> . . . I am proud to say I helped provide initial start-up funding for GeneMax. In addition to being a substantial founding shareholder, I am also, at least temporarily, the CFO.

Exhibit 4, p. 2.[1]

The Complaint's text indicates its authors were familiar with these documents, leading to the thought they must have seen the quoted language before writing the Complaint. The Complaint got to Dow Jones reporter Carol Redmond who, before the Complaint was even processed in this court, wrote a column highlighting the allegations that Mr. Davidson had recommended the two companies while hiding his significant personal stake in them. See Exhibit 5.

Mr. Davidson's reputation has been severely damaged, and the allegations basically charge him with criminal fraud. Davidson decl ¶s 2-3.

**III.   Argument**

Rule 12(f) authorizes the court to strike matter which is "immaterial, impertinent or scandalous," (emphasis supplied) and ¶s 40-42 are all 3. "Immaterial" means "no essential or important relationship to the claim for relief," Gilbert v. Eli Lilly and Co., 56 FRD 116, 120 n. 5 (D.P.R. 1972). "Impertinent" "overlaps" this definition. Id n. 6. A matter is "scandalous when it improperly casts a derogatory light on someone, usually a party to the action." Id. n. 7. See also Toto v. McMahon, Brafman, Morgan Co., 1995 U.S. Dist. LEXIS 1399 at 47, n. 5 (S.D.N.Y. 1995) ("Scandalous matter is that which is unnecessary or matter that is "criminatory"of a party mentioned in a pleading.")

---

[1] At this writing, a report on Endovasc has not yet been released.

Although some courts express the view that a Rule 12(f) motion is disfavored, the better reasoned opinions hold that a court should grant a motion to strike where the allegations are derogatory and gratuitous.  See, e.g., Talbot v. Robert Matthews Dist. Co., 961 F. 2d 654 (7th Cir. 1992) (granting motion to strike allegations that dairy farmers intentionally caused a salmonella outbreak and stating "[a]llegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."); Alvarado-Morales v. Digital Equip. Corp., 843 F. 2d 613, 618 (1st Cir. 1988); Gilbert, *supra*; Beck v. Cantor Fitzgerald and Co., 621 F. Supp. 1547, 1565 (N.D. Ill, 1985).  In G-I Holdings, Inc. v. Baron & Budd, 238 F. Supp. 2d 521, 555-6 (S.D.N.Y. 2002), the complaint for tortious interference contained libelous statements not germane to the cause of action, and the plaintiff, as in this case, had leaked the pleading to the press, resulting in negative publicity for the movant.  The motion opponent argued the motion to strike should be denied, because the reputation smear had already succeeded.  Judge Sweet granted the motion to strike and said:

> If a party has suffered prejudice as a result of the scandalous allegations - - as is likely here - - the solution under Rule 12(f) is not thereafter to ignore the party's plight.

Mr. Davidson's plight is otherwise irremediable; if he were to sue the SEC lawyers he would face their privilege in pleadings and the government's privilege to libel,[2] and if he were to sue

---

[2] Reichart v. Flynn, 2003 Md. LEXIS 247 at 11 (Md. Ct. App. 2003); Maulsby v. Reifsnider, 69 Md. 143, 162-4, 14 A. 505, 510 (1888); Johnston v. Cartwright, 355 F. 2d 32 (8th Cir. 1966) (lawyer's privilege in pleadings); Barr v. Mateo, 360 U.S. 564 (1959) (privilege of federal government official to defame).

5

the reporter, he would face the privilege to report pleadings.[3]

A court is empowered to also convert a Rule 12(f) motion to partial summary judgment where there are facts beyond the pleadings. See General Dynamics Corp. v. United States, 558 F. 2d 985, 989, 214 Ct. Cl. 607, 613-4 (1977). In this case, the matter attached to the moving declarations establishes that ¶s 40-42 are false.

**Conclusion**

The motion to strike should be granted in the attached Order.

Respectfully submitted,

_____/s/_____
Michael E. Geltner, Esq.
Geltner & Associates, P.C.
Number Ten E Street, S.E.
Washington, D.C. 20003
Tel: (202) 547-1136
Fax: (202) 547-1138

Attorney for Intervenor
James Dale Davidson

---

[3] See Chesapeake Pub. Corp. v. Williams, 339 Md. 285, 296, 661 A.2d 1169, 1174-5 (1995); Rosenberg v. Helinski, 328 Md. 664, 676-773, 616 A.2d 866, 872-3 (1992); American Law Institute, Restatement (Second) Torts § 611 (1977); W.L. Prosser and W.P. Keeton, The Law of Torts at 836 (5th Ed. 1984). See also Edwards v. Nat'l Audubon Soc'y, 556 F. 2d 113 (2nd Cir. 1977) (reporter's constitutional privilege). Reuber v. Food Chemical News, Inc., 925 F.2d 703 (4th Cir. 1991) (same).

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 23, 2003, a copy of the Motion of Intervenor James Dale Davidson to Strike which was electronically filed in this case on June 23, 2003, was mailed via first class mail, postage prepaid, upon the following:

Karen L. Martinez
Thomas M. Melton
Brent R. Baker
Securities and Exchange Commission
50 South Main Street, Suite 500
Salt Lake City, Utah 84144

                                                                          _____/s/_____
                                                                           Michael E. Geltner