IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES SECURITIES AND     *
EXCHANGE COMMISSION
                                 *
            Plaintiff
                                 *

            vs.                  * CIVIL ACTION NO. MJG-03-1042

AGORA, INC., et al.              *

            Defendants           *

*       *       *       *       *       *       *       *       *

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion in Limine to Exclude [Testimony] . . . of David L. Nelson [Paper 75] and Plaintiff's Motion in Limine to Exclude . . . Testimony of . . . Robert Comment, Ph.D. [Paper 74] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

Both of the instant motions raise reasonable issues regarding the admissibility of part of the testimony of each of Defendants' proffered expert witnesses.  Were the trial to be conducted before a jury, the Court would need meticulously to separate the admissible wheat from the inadmissible chaff in the  proffered evidence.  However, it would be inefficient to undertake this exercise in the context of a bench trial. At least as much time and effort (for all concerned) would be

devoted to determining admissibility as would be expended in hearing the proffered testimony and determining during and/or after trial the weight, if any, to give to the evidence.

### David Nelson

It appears that Nelson will provide relevant, and potentially helpful, background evidence relating to the newsletter industry.  Nelson is at least qualified to provide such testimony.  Of course, Nelson's report indicates that portions of his testimony will constitute non-evidentiary argument and _ipse dixit_ opinion.  The Court will, most definitely, disregard or appropriately discount any such portions of the testimony.  However, the central core of Nelson's proffered testimony will provide industry background information and appears appropriate for Court consideration.

### Robert Comment, Ph.D.

It appears that Comment will provide some relevant evidence relating to the issue of materiality.  To a greater degree than Nelson's testimony, portions of Comment's testimony will likely constitute non-evidentiary argument and _ipse_ _dixit_ opinion.  Nevertheless, the Court does not find it appropriate to exclude the testimony altogether.  In fact, it

2

appears that Comment has testified for the S.E.C. to somewhat similar effect in other cases.  Whether the testimony in the instant case is as soundly based as it was in other cases remains to be seen.  In any event, while the Court will not exclude Comment's testimony, Plaintiff's positions may well have significant impact in regard to the weight, if any, that the Court will give Comment's testimony in the decisional process.

For the foregoing reasons:

1.    Plaintiff's Motion in Limine to Exclude [Testimony] . . . of David L. Nelson [Paper 75] is DENIED.

2.    Plaintiff's Motion in Limine to Exclude . . . Testimony of . . . Robert Comment, Ph.D. [Paper 74] is DENIED.

3.    The evidence at issue shall be received at trial subject, of course, to any specific objections.

SO ORDERED, on **Friday, March 25, 2005**.

_____/ s /_____
Marvin J. Garbis
United States District Judge

3