```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

UNITED STATES SECURITIES AND    *
EXCHANGE COMMISSION
                                *
          Plaintiff
                                *

     vs.                        *   CIVIL ACTION NO. MJG-03-1042

AGORA, INC., et al.             *

          Defendants            *

*     *      *      *      *      *      *      *      *

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion for Entry of Amended Final Judgment [Paper 119] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

For the reasons stated in the Memorandum of Decision [Document 116], the Court on August 1, 2007, issued a Judgment Order [Document 117] finding that Defendants Pirate Investor, LLC ("Pirate") and Frank Porter Stansberry[1] ("Stansberry") had violated Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

Plaintiff has filed the instant motion seeking an Amended Judgment to address "any challenge Defendants may have to the

---

[1] The term "Defendants" herein refers to Pirate and Stansberry, unless otherwise indicated.

overbreadth of the [original] injunction." Pl.'s Mem. Supp. Mot. For Entry of Amended Judgment at 1 (citing SEC v. Washington Investment Network, 475 F.3d 392 (D.C. Cir. 2007) (striking down a similar injunction to the one in the Court's Judgment Order)). In view of the fact that both sides sought modification - albeit in different ways - the Court has rescinded the Judgment Order and now issues an Amended Judgment Order and permanent Injunction.

Defendants contend that any injunction[2] must be narrowly drafted to cover only "solicitations for one-time, special reports that are not 'general and regular' as the court has interpreted that term." Defs.' Opp. at 2. Anything broader, it is claimed, would unjustifiably cover publications entitled to substantial First Amendment protections.

The Court has decided to accept Plaintiff's proposed injunctive language essentially adopting the language of the rule violated by Defendants, but only to the extent allowed under SEC v. Savoy, 665 F.2d 1310 (D.C. Cir. 1981). In Savoy, the District of Columbia Circuit affirmed an injunction proposed by the SEC proposal except for a clause enjoining the defendant from

---

[2] Defendants' argument that no injunction at all should be issued has been considered and rejected. See Memorandum of Decision [Document 116] at Part III.F.1.

violation of Rule 10b-5 by engaging "in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person." The Court reversed this clause because:

> [t]o allow this provision to stand could subject to the federal civil contempt power future acts by [the defendant] that may be completely unrelated to his lawbreaking in the past. In short, this part of the injunctive order is in our view so vague as to put the whole conduct of [the defendant's] business at the peril of a summons for contempt.

Id. at 1318-19 (internal quotations omitted). The language struck in Savoy is identical to the final clause of the SEC proposal in the instant case. Accordingly, the Court will utilize all but the final clause of the SEC proposal. See McComb v. Jacksonville Paper Co., 336 U.S. 187, 192 (1949) (upholding an injunction which "[b]y its terms . . . enjoined any practices which were violations of . . . statutory provisions" and finding that "[d]ecrees of that generality are often necessary to prevent further violations where a proclivity for unlawful conduct has been shown").

Finally, the Court notes Defendants' First Amendment contentions. However, the Permanent Injunction issued herewith enjoins Defendants from violating Rule 10b-5 but does not eliminate or reduce any available First Amendment protection. In determining whether any future 10b-5 violation has occurred, the

communication at issue will be given all First Amendment protection to which it is entitled based on its content and character - not its title.  Regardless of a communication's label (i.e., "regular publication" or "solicitations for one-time, special reports"), if the communication contains "pure speech" protected under <u>New York Times v. Sullivan</u>, 376 U.S. 254 (1964), it will receive the corresponding level of protection.  If, however, the communication is of a character such as the publication in this case - a mere advertisement or purely commercial speech - then it will receive only "[t]he protection available for particular commercial expression[, which] turns on the nature both of the expression and of the governmental interests served by its regulation."  <u>Cent. Hudson v. Pub. Serv. Comm'n</u>, 447 U.S. 557, 563 (1980).  <u>Compare</u> <u>Alberti v. Cruise</u>, 383 F.2d 268, 272 (4th Cir. 1967) (voiding an injunction enjoining the plaintiff from, among other things "contacting" the defendant as "clearly a prior restraint upon [the plaintiff]'s rights of freedom of speech...").

The "bottom line" is that the Permanent Injunction will not affect the extent of First Amendment protection available to any communication at issue.

**CONCLUSION**

For the foregoing reasons:

1. Plaintiff's Motion for Entry of Amended Final Judgment [Document 119] is GRANTED IN PART.

2. An Amended Judge Order and Permanent Injunction shall be issued herewith.

SO ORDERED, on <u>Tuesday, October 2, 2007</u>.

<u>          /s/          </u>
Marvin J. Garbis
United States District Judge

5