IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | * * |
| Plaintiff, | * |
| v. | * |
| AGORA, INC. *et al*, | * |
| Defendants. | |

Civil Action No. MJG-03-01042

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The United States Securities and Exchange Commission ("SEC") brought this securities action against Agora, Inc. ("Agora"), Pirate Investor, LLC ("Pirate"), and Frank Porter Stansberry ("Stansberry"), collectively "Defendants", on April 10, 2003, for dissemination of false investment information via paid electronic newsletter. (ECF Nos. 1, 29.) Presently pending before this Court is Defendant Stansberry's Motion to Vacate (ECF No. 252) Judge Garbis' Permanent Injunction Order (ECF No. 124). This Court has reviewed Stansberry's Motion, the SEC's Opposition (ECF No. 258), and Stansberry's Reply (ECF No. 259). In addition, this Court has considered the SEC's Motion for Leave to File Surreply (ECF No. 261) and Stansberry's Oppsition to SEC's Surreply (ECF No. 262). The Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). Stansberry's Motion to Vacate (ECF No. 252) is GRANTED, and SEC's Motion for Leave to File Surreply (ECF No. 261) is DENIED. This Court briefly explains its rationale below.

## BACKGROUND

Judge Garbis of this Court held a six-day bench trial from March 21, 2005, through April 1, 2005. (ECF Nos. 113, 114, 115.) On August 3, 2007, Judge Garbis issued a Memorandum of Decision (ECF No. 116) and Judgment (ECF No. 117) in favor of SEC against Defendant Pirate and Defendant Stansberry, finding that the Defendants made a false statement "of material fact with scienter in connection with the purchase or sale of securities by using a means or instrumentality of interstate commerce." (ECF No. 116 at 9) (internal punctuation omitted). Judge Garbis' Memorandum of Decision established that Defendant Stansberry disseminated false information for a fee concerning stock options based on a conference call with an employee for a corporation that was involved in renegotiating the price of uranium with its Russian counterpart. (ECF No. 116.)

Judge Garbis later issued a Permanent Injunction Order (ECF No. 124),[1] which enjoined Defendant Pirate and Defendant Stansberry from violating "Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]." Defendant Pirate and Defendant Stansberry appealed the Permanent Injunction Order to the United States Court of Appeals for the Fourth Circuit. (ECF No. 132.) The Fourth Circuit affirmed Judge Garbis' decision on all appeal points, thereby solidifying the permanent injunction. (ECF No. 140-1); *U.S. S.E.C. v. Pirate Inv. LLC*, 580 F.3d 233, 243 (4th Cir. 2009).

In February 2020, Chief Judge Bredar of the Court granted Defendant Pirate's unopposed Motion to Vacate the permanent injunction. (ECF No. 251.) Two years later,

---

[1] Judge Garbis rescinded the Order of Judgment (ECF No. 117) on August 22, 2007 (ECF No. 121), and issued the Permanent Injunction in its place on October 3, 2007. (ECF No. 124.)

Defendant Stansberry filed his own Motion to Vacate. (ECF No. 252.) Stansberry's Motion is predicated on the notion that the injunction "has achieved its remedial objective" and has caused Stansberry to change his ways and "implement robust compliance mechanisms designed to prevent future violations" in his current business. (ECF No. 252-1 at 5.) In essence, Defendant argues that continuance of the twenty-year-old injunction "would merely continue to harshly punish a company founder that has clearly learned his lesson." *Id.* Defendant's Motion largely emphasizes similar points made in Pirate's successful Motion to Vacate, and this Court is satisfied that the permanent injunction mandated in 2007 has achieved its goals. Consequently, this Court GRANTS Defendant's Motion to Vacate.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(5) states that a court may relieve a party from a final judgment or order when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." "This Rule gives the Court equitable power to relieve a party from a judgment when, in light of changed circumstances, it is no longer equitable that the judgment should have prospective application." *Life Techs. Inc. v. Promega Corp.*, No. AW-94-2776, 1999 WL 1273343, at *2 (D. Md. Nov. 4, 1999). The Fourth Circuit states that "such change of conditions is shown with respect to an injunction against the violation of a statute where it appears that the one enjoined has observed the provisions of the statute in good faith over a period of ten years and there is no present reason to apprehend violation by him." *Tobin v. Alma Mills*, 192 F.2d 133, 136 (4th Cir. 1951).

## ANALYSIS

In light of the circumstances here, "it is no longer equitable that the judgment should have prospective application." *Life Techs. Inc*, 1999 WL 1273343, at *2. Despite the SEC's focus on Stansberry's recent start-up, the Court finds that Mr. Stansberry has set forth sufficient facts that demonstrate his corporate culture in his long-standing company has demonstrably evolved for the better under his guidance and leadership. (ECF No. 252-1 at 12.) In addition to these improvements, the fifteen years that have passed since the injunction's issuance weigh in Stansberry's favor; of import, the enjoined behavior took place more than twenty years ago. The behavior at issue was of a one-time, limited duration, and Stansberry has had appropriate time to learn from those mistakes. Stansberry further offers evidence of safeguards in his current company to ensure compliance with state and federal regulations, showing that "Mr. Stansberry has attempted to comply with the law in good faith and that he is unlikely to be a repeat offender." (ECF No. 252-1 at 17.) Given that there is no indication Stansberry will repeat the enjoined conduct, "the objective of the injunction has been achieved" and the Court finds applying the injunction to be "no longer equitable." Fed. R. Civ. P. 60(b)(5).

## CONCLUSION

For the reasons stated above, IT IS this 12th day of October 2022, hereby ORDERED that Defendant Stansberry's Motion to Vacate (ECF No. 252) is GRANTED, and SEC's Motion for Leave to File Surreply (ECF No. 261) is DENIED.

Dated: October 12, 2022                             \_\_\_\_\_/s/_____
                                                    Richard D. Bennett
                                                    United States District Judge